**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KEVIN ABREU,

                Plaintiff,

                                      **SUA SPONTE**
                                      **REPORT AND**
                                      **RECOMMENDATION**

-against-
                                      19-CV-02813 (EK) (ST)

OFFICER SMITH

                Defendant.
-----------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

On April 2, 2019, Plaintiff Kevin Abreu (the "Plaintiff"), while in the custody of the New York City Department of Corrections ("DOC"), filed a complaint *pro se* against "Officer Smith of the 115 Precinct" ("Officer Smith") alleging violations of his federal constitutional rights. *See* Compl., ECF No. 2. On June 17, 2019, after a summons was issued for Officer Smith, Corporation Counsel of the City of New York ("Corp. Counsel") entered a Notice of Appearance as an interested party. Notice of Appearance, ECF No. 11. On June 23, 2020, the Court directed Corp. Counsel to produce information regarding the identity and service address of Officer Smith. Order, 19-CV-2813, June 23, 2020, ECF No. 14. On November 23, 2020, at the request of Corp. Counsel, the Court directed the Plaintiff to provide Corp. Counsel with additional information regarding the identity of Officer Smith by January 23, 2020 and warned that noncompliance would result in a recommendation to the District Court that this case be dismissed for failure to prosecute. Order, 19-CV-2813, Nov. 23, 2020. Since then, the Plaintiff has not made any attempts to contact Corp. Counsel or the Court, failing to comply with the Court's Order. For this reason, the Court has no choice but to recommend, *sua sponte*, that the District Court DISMISS this case for failure to prosecute.

1

**A. Background**

The Plaintiff, proceeding *pro se*, filed this case in the Southern District of New York ("S.D.N.Y.") and seemingly alleged that he was the victim of false arrest and malicious prosecution by Officer Smith.[1] *See* Compl., ECF No. 2; *see* Letter, Aug. 21, 2020, ECF No. 17. At the same time, the Plaintiff also filed a request to proceed *in forma pauperis*. See Pl.'s Req., ECF No. 1. On May 6, 2019, S.D.N.Y. Chief Judge Colleen McMahon granted the Plaintiff's request and instructed him that it was his "obligation to promptly submit written notification to the Court if [his] address changes, and [that] the Court may dismiss the action if [he] fails to do so." Order, 19-CV-2987[2], May 6, 2019, ECF No. 4. On the same day, the case was transferred to the Eastern District of New York ("E.D.N.Y.") (Transfer Order, 19-CV-2987, May 6, 2019, ECF No. 5), and a copy of the Transfer Order was mailed to the Plaintiff one day later. *See* Docket Entry, 19-CV-2813, May 7, 2019.

On May 31, 2019, the Court issued an Order directing the United States Marshals Service to serve the summons and complaint upon Officer Smith (Order, 19-CV-2813, May, 31, 2019), and thereafter notified the Plaintiff by mail of the same. On June 3, 2019, a summons was issued to Officer Smith at the 115th Precinct of the New York City Police Department, a courtesy copy of which was mailed to Corp. Counsel. *See* Summons, ECF No. 10. Corp. Counsel filed a Notice of Appearance as an interested party n June 17, 2019. *See* Notice of Appearance, ECF No. 11.

On August 12, 2019, the Summons was returned unexecuted because the "precinct would not accept service inasmuch as there are two Officers with the surname Smith," and there was no

---

[1] The facts as the Plaintiff alleges them are, "Officer Smith bribed me for information and I gave him the information about a firearm he turned around and charged me." Compl., ECF No. 2.

[2] Upon being transferred from the S.D.N.Y. to the E.D.N.Y., the case was docketed under the number 19-CV-2813.

2

additional identifying information provided. *See* Process Return, ECF No. 13. Accordingly, on June 23, 2020, the Court issued an Order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), directing Corp. Counsel to produce to the Plaintiff the information regarding the identity and service address of the defendant police officer within sixty days, and directed the Clerk of Court to forward a copy of the Order to the Plaintiff. Order, 19-CV-2813, June 23, 2020, ECF No. 14.

On July 1, 2020, Corp. Counsel filed a letter with the Court explaining that they required additional information from the Plaintiff to comply with the Court's June 23, 2020 Order, but that they had been unable to communicate with him since July 2019 because he was no longer in DOC custody and did not provide any updated contact information. Letter, July 1, 2020, ECF No. 15. On August 21, 2020, Corp. Counsel filed a second letter, again explaining that they required more information from the Plaintiff but that they were unable to contact him. Letter, Aug. 21, 2020, ECF No. 17. On November 23, 2020, the Court issued an Order directing the Plaintiff to provide Corp. Counsel with additional information regarding the identity of Officer Smith by January 23, 2020, and warned that noncompliance would result in a recommendation to the District Court that this case be dismissed for failure to prosecute. Order, 19-CV-2813, Nov. 23, 2020. Since then, the Plaintiff has not made any attempts to contact Corp. Counsel or the Court, thus failing to comply with the Court's Order.

**B. Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool

for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)). Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in

4

favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013).  Although there is no bright line, courts have found delays of a few months sufficient for dismissal. *See Caussade v. United States*, 93 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months).  Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute her case entirely. *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

In this case, the delays are entirely attributable to the Plaintiff as he has become completely inaccessible.  The Plaintiff was instructed as early as May 6, 2019, that it was his responsibility to alert the Court to any changes in his contact information and warned that if he failed to do so he would risk having his case dismissed.  The Court has received no contact from the Plaintiff whatsoever since he filed this case almost two years ago.  The last time that Corp. Counsel was able to communicate with the Plaintiff was July 2019, approximately twenty months ago.  During that telephone call, the only effort by the Plaintiff to provide any additional detail that might lead to correctly identifying Officer Smith and thus urging the case forward was that the Plaintiff referred to Officer Smith as a Detective.  The Plaintiff's failure to comply with the earliest direction of the Court to keep his contact information current has led to the foreseeable consequence of an insurmountable roadblock.  Simply put, the case cannot proceed without the Plaintiff, but the Plaintiff is nowhere to be found.  Given that this delay is entirely of the Plaintiff's own making as

he has been unreachable for approximately twenty months, this Court finds that the first factor favors dismissal

Second, the Plaintiff was given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). As stated above, as early as May 2019, the Plaintiff in this case was cautioned by the Court that if he failed to comply with the Court's order to keep his contact information current, it might result in the action being dismissed for failure to prosecute. Thus, the Plaintiff was on notice, and, to date, has failed to take any action or comply with any order of the Court. For example, the Plaintiff failed to comply with the Court's November 23, 2020 Order instructing him to provide information to Corp. Counsel, and warning him that failure to do so would likely lead to dismissal. Given the plaintiff's notice, ample time to respond, and opportunity to appear, this Court finds that the second factor favors dismissal.

Third, the Defendant will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). "The probability of

6

prejudice to a defendant that has not been served process for a particularly long period of time is high." *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) (citation omitted).  Here, it has been almost two years since the case was originally filed and Officer Smith has yet to be served process.  Moreover, every effort to rectify this issue has been stymied by the Plaintiff's apparent unwillingness to participate in the prosecution of his case.  Given that, along with the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the plaintiff.  The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard.  Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631.  In this case, the Court should reduce docket congestion by dismissing the case.  The Plaintiff has shown no interest in litigating this case as he has essentially laid dormant for almost two years and failed to move the case forward at all. *See id.* (dismissing where plaintiff was not in contact with counsel for approximately five months and failed to respond to requests to schedule a deposition).  Furthermore, the Plaintiff has been on notice since May 2019 that it was his responsibility to update the Court of any changes in his contact information, or face dismissal.  The Court Ordered the Plaintiff to contact Corp. Counsel in November of last year, but to date, the Plaintiff has neither followed the Court's Order to contact Corp. Counsel, nor contacted the Court directly with any explanation or excuse.  Accordingly, the fourth factor favors dismissal.

Finally, because the Plaintiff has shown no interest in litigating his case, there is no

7

efficacious option but dismissal. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia v. City of New York*, 2016 WL 1275621, at *4. Here, the Plaintiff has disappeared, as he has not communicated with Corp. Counsel or the Court, despite repeated attempts by Corp. Counsel to contact or locate the Plaintiff, and repeated warnings by the Court to remain reachable. In such circumstances, dismissal is the appropriate remedy. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 195–96 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why the action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference"). Thus, the final factor favors dismissal.

### C. Conclusion

This Court finds that all five of the *Drake* factors favor dismissal. I recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[3] Corp. Counsel is directed to immediately forward a copy of this R&R to the Plaintiff at his last known address and file proof of service with this Court.

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

---

[3] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
March 8, 2021